UNITED STATES ex rel. DOUGHTY v. HUNT.

(District Court, S. D. New York. December 9, 1918.)

1. WAR ☞32—COURTS-MARTIAL—REVIEW BY CIVIL COURTS.

A civil court has no power to interfere with the conduct of a court-martial, except where that court has exceeded its jurisdiction, and, if it originally had jurisdiction, it must be shown that, at some point in the proceedings under its governing law, it lost such jurisdiction.

2. WAR ☞32—COURTS-MARTIAL—JURISDICTION.

That a defendant, on trial for desertion before a court-martial, was shown to have been in a "haze" or "stupor" at the time in question, *held* insufficient, under a plea of not guilty, to raise an issue of insanity, which deprived the court of jurisdiction under section 219 of the Manual of Courts-Martial.

Petition of the United States, on relation of Warren Sandford Doughty, directed to Colonel John E. Hunt, for writ of habeas corpus. Dismissed.

Sidney Lash, of New York City, for relator.

Francis G. Caffey, U. S. Atty., of New York City, for respondent.

LEARNED HAND, District Judge. In this case a writ of habeas corpus was issued to the detaining officer of a disciplinary barracks of the United States, inquiring into the detention of the relator, Warren Sandford Doughty. The respondent justifies under a commitment issuing from the headquarters of the port of embarkation at Newport News, Va., on August 24, 1918. This commitment is signed by the colonel, chief of staff, and recites the proceedings at which a general court-martial convicted the relator for desertion from the army and sentenced him to four years at hard labor in the custody of the respondent. The record on the court-martial has been made a part of the papers by way of traverse to the return, and the question comes up as to whether the court-martial was without jurisdiction.

[1] Every one agrees that a civil court has no power whatever to interfere with the conduct of a court-martial, except in a case where that court has exceeded its jurisdiction. There is no question here but that the relator was within the jurisdiction of the court-martial, and that the charge was such as was within the competency of that court, so that the sole question which can be raised is whether during the conduct of the proceedings the court-martial lost its jurisdiction. As we all know, the cases have held that a court does not lose jurisdiction by any mistake in the general conduct of the cause; you must go further, and show that there is some point in the proceedings at which, under its constituent law, the court actually lost entire jurisdiction over the case. That is a strong position, in any event; but it has been held

in this case (and by that decision I am bound) that under section 219 of the Manual of Courts-Martial the court might lose jurisdiction if the issue of the mental disease, or derangement, of the accused was imported into the trial. So I am disposing of this case upon that issue alone. Was the issue of mental disease or derangement imported into the trial of the case? Did it become an issue?

[2] The plea was "not guilty," under which, by section 154 of the Manual, evidence of insanity might be admitted. The evidence itself was no more than that the accused seemed nervous and not himself at the time in question, and it would not have justified any finding of mental derangement; but it is not upon the evidence, but upon the assertions of the counsel for the defense, Mr. Lash, that the relator now relies. At the time of filing the plea Mr. Lash said:

"I intend to show from my testimony that three days prior to the prisoner's coming to Texas he was in a mental stupor."

In opening he said:

"I hope to show that he had been acting peculiarly, sort of stupor like. * * * He was hazy, and did not know what he was doing. While in Texas, he did not realize he was there."

This language is indeed consistent with mental derangement, but it is not of itself necessarily an assertion of mental derangement. Of course, if the word is to be taken to include every form of confusion of the mental faculties, perhaps it would include so much; but it is not reasonable to give it such a wide scope. The purpose of the section appears to me to require the distinct assertion that the accused was suffering from some form of mental disorder to which normal people are not subject. Any one may be in a "haze," or a "sort of stupor like," whose moral responsibility is not affected in any way which the criminal law will recognize. If the jurisdiction of a court is to be ousted, while it may not be necessary to challenge that jurisdiction formally, the condition upon which it ceases must be distinctly raised. It must appear that the disorder is not one which is consistent with what healthy people are subject to; it is an issue of disease, not of a variation from the complete possession of one's powers. I own that the distinction is not susceptible of accurate definition, because the fact of mental derangement is not so definable; but for that very reason the issue should be presented with certainty, else an accused can secure two trials upon vague assertions of some temporary diminution in the clarity of his mind. This was not what the section intended; the issue must be of the existence of the "necessary criminal mind," as the later parts of the section show. It is clear that the court did not understand that the accused's responsibility was at issue, in this sense, or beyond the general palliation of his offense. It is also clear, from Mr. Lash's summing up, that he did not suppose that his client was criminally irresponsible, in such sense as relieved him in general of moral responsibility.

I have assumed throughout that the issue, within the meaning of the section, involves only the formal issues as made, either by the pleadings or by subsequent assertion. This does not necessarily follow,

especially when a defense such as insanity may be put in without further plea, under the plea of "not guilty." I do not, therefore, necessarily mean that the case is to be determined, except by the evidence actually adduced. The evidence of mental derangement was, however, even slighter than the assertions of counsel, and upon either aspect the court-martial had jurisdiction.

The writ is dismissed.